OPINION OF THE COURT
Edward F. McLaughlin, J.
Defendant moves to dismiss plaintiffs complaint pursuant to CPLR 3211 (subd [a], pars 7, 8) and CPLR 327 on the grounds that the complaint fails to state a cause of action, that the court lacks jurisdiction of the person of the defendant, and that the action should be heard in a more convenient forum.
This action arises out of an agreement dated July 11, 1979 *1058 in which plaintiff leased commercial space to defendant in the Pyramid Mall — Ithaca, located in Tompkins County, New York. Under the terms of the lease, defendant contracted to use the premises for the purpose of conducting the business of "the production, sale and distribution of cookies, cookie cakes, cookie novelties, other cookie products * * * and other items which are sold and distributed in connection with the promotion of the cookie business of the nature now operated by Tenant”. The contract further provided that the tenant would use the premises solely and continuously for such purpose, and that the tenant would operate the premises with due diligence and efficiency so as to maximize gross receipts of the business operation.
In its complaint, plaintiff alleges a failure and refusal of the defendant to perform its obligations under the lease, including failure to complete necessary leasehold improvements, failure to open for business on the required opening date, and failure to pay rent and other charges in accordance with the terms of the lease. Plaintiff, a New York general partnership, placed venue of the action in Onondaga County, its principal place of business. Defendant is a Delaware corporation with its principal place of business in Atlanta, Georgia.
A review of the complaint indicates that plaintiff has properly pleaded a cause of action for breach of contract which, if proven, would entitle plaintiff to relief. Defendant has failed to show that the complaint is insufficient on its face or lacks underlying merit.
The issue of this court’s jurisdiction of the person of defendant is governed by CPLR 302 (subd [a], par 1), which authorizes a court to exercise such jurisdiction over any nondomiciliary who, in person or through an agent, transacts any business within the State or contracts anywhere to supply goods or services in the State.
Plaintiff does not argue that defendant has transacted any business in this State, but contends that defendant has contracted to supply goods or services in the State.
Defendant contends that the contract alleged by plaintiff is for a lease of real property only, and that defendant has not contracted to supply goods or services in the State.
 Defendant’s argument is unconvincing. By its 1979 amendment to CPLR 302 (subd [a]), adding the language "contracts anywhere to supply goods or services in the state”, (L 1979, ch 252, § 1, eff Sept. 1, 1979) the Legislature intended, *1059 in part, to extend long-arm jurisdiction to nondomiciliaries who make contracts to be performed in New York and then totally fail to perform. "In these situations it does not seem oppressive to require that the nonresident, who agrees to perform a contract in New York, respond in New York for its nonperformance” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C302:13, p 81; see Recommendation of the Law Revision Commission to the 1979 Legislature Relating to Revision of Certain Long Arm Jurisdiction Provisions in CPLR article 3, NY Legis Doc, 1979, No. 65 [C]). In this case, defendant agreed to perform a contract in New York by leasing commercial premises in New York. Under the terms and conditions of the lease agreement, defendant also contracted to supply goods or services in the State. Therefore, CPLR 302 (subd [a]) as amended, directly applies to the instant case and gives the court personal jurisdiction over the defendant. Moreover, since the amended statute creates no new causes of action, but merely enlarges the class of defendants and number of forums available to the plaintiff to seek redress for its pre-existing rights, the amendment is remedial and not substantive, and thus should apply retroactively to suits based on contracts made before August 31, 1979, but commenced thereafter. (Gonzales v Harris Calorific Co., 64 Misc 2d 287, affd 35 AD2d 720; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C302:13, p 24, 1979-1980 pocket part.)
Defendant’s final contention that this court is an inconvenient forum is likewise unpersuasive. Plaintiffs residence is in New York. In commercial cases, the burden of persuading the court to dismiss the action on this ground rests upon the defendant, and "unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.” (Gulf Oil Corp. v Gilbert, 330 US 501, 508; see, also, Bata v Bata, 304 NY 51.) Defendant has offered no reasons in support of its contention, but merely alleges in a conclusory fashion that the present forum is inconvenient. As noted above, by entering into a contract to be performed in New York, defendant has manifested a willingness to avail itself of the privilege of conducting activities in the forum State, and thus is expected to respond in New York for its alleged nonperformance.
For the reasons stated above, defendant’s motion to dismiss the complaint is in all respects denied.