OPINION OF THE COURT
Rudolph U. Johnson, J.
Defendant, Clyde C. White, by notice of motion seeks an order pursuant to CPLR 3211 (subd [a], par 8) and 302 (subd [a], par 1) dismissing the complaint herein.
This motion was previously denied by this court, without prejudice to renew after the taking of defendant White’s deposition. That deposition has now been furnished to the court upon the renewal of this motion.
Plaintiffs, Culp & Evans and William A. Evans, instituted suit in March of 1979 to enforce certain personal guarantees executed by defendant White on July 24, 1978. These guarantees were to secure the performance of various construction contracts entered into by defendant, Leo M. Proctor Construction Co., Inc. (Proctor), to build four Pizza Hut restaurants within New York State.
The submitted affidavits and deposition established, however, that these guarantees were hand delivered by Juanita *756 Proctor, the defendant White’s daughter, to him in Midland, Texas, where they were signed and returned to her for delivery to the plaintiffs. Excepting these guarantees, which were given without apparent consideration, the defendant White has no other contact with the State of New York.
Furthermore, this court cannot conclude, upon the facts presented and as urged by plaintiffs, that either Juanita Proctor or defendant Proctor were acting within New York as agents of defendant White.
If, therefore, this court were to apply the court’s decision in Ferrante Equip. Co. v Lasker-Goldman Corp. (26 NY2d 280), the defendant’s motion would be well founded as defendant White, upon the mere execution of a guarantee outside New York State to secure performance within the State, could not be deemed to have transacted business within this State so as to place himself within the reach of the long-arm provisions of CPLR 302 (subd [a], par 1).
However, we are compelled to recognize the September 1, 1979 amendment to CPLR 302 (subd [a], par 1) which extended personal jurisdiction over a nondomicilary to include any person who “contracts anywhere to supply goods or services in the state”.
Under the terms of the guarantee and as recognized by defendant White in his deposition, as guarantor defendant was obliged to complete performance of the construction contracts within New York State if defendant Proctor was otherwise unable to do so. As noted in the Practice Commentaries: “In these situations it does not seem oppressive to require that the nonresident, who agrees to perform a contract in New York, respond in New York for its nonperformance.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C302:13, p 81; see, also, Report of the Law Revision Commission for 1979, NY Legis Doc, 1979, No. 65[C], n 3; 1 Weinstein-Korn-Miller, NY Civ Prac, par 302.11a, p 3-104, n 120.)
While this court cannot confer jurisdiction nunc pro tune, this remedial amendment should have retroactive application and, accordingly, plaintiffs shall be permitted to *757 voluntarily discontinue their original suit and effect new service upon defendant White. (See Simonson v International Bank, 14 NY2d 281; Gonzales v Harris Calorific Co., 64 Misc 2d 287, affd 35 AD2d 720; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C302:8, pp 71, 72.)
Defendant’s motion to dismiss for lack of jurisdiction is denied and plaintiffs are directed to submit an order in conformance with this memorandum decision.