CULP AND EVANS, A Partnership, and William A. Evans, Plaintiffs,

v.

Clyde C. WHITE, Defendant.

No. CIV–81–484C.

United States District Court, W. D. New York.

Oct. 8, 1981.

Moot, Sprague, Marcy, Landy, Fernbach & Smythe, Buffalo, N. Y., (Frank J. Clark III, and Joseph G. Homsy, Buffalo, N. Y., of counsel), for plaintiffs.

Damon, Morey, Sawyer & Moot, Buffalo, N.Y. (Ustinia P. Dolgopol, Buffalo, N. Y., of counsel), for defendant.

CURTIN, Chief Judge.

This action was originally brought in New York State Supreme Court by William A. Evans and the Culp and Evans partnership to recover upon four guaranties made by Clyde C. White of Midland, Texas. Defendant White then filed a timely petition for removal to the United States District Court under Rule 12(b)(2) of the Federal Rules of Civil Procedure and now seeks to dismiss the action for lack of personal jurisdiction.

Defendant White's son-in-law, Leo Proctor, was a building contractor who had, from time to time, worked for White in Texas and apparently gained experience in Pennsylvania building Pizza Hut restaurants. Plaintiffs owned several parcels of land in Chautauqua County and entered into a contract with Proctor to build four Pizza Hut restaurants on their property. In order for Proctor to undertake the work, the plaintiffs required of Proctor four guaranties for the performance of the construction.

Mrs. Juanita Proctor, Mr. Proctor's former wife and daughter of Mr. White, traveled to Texas and requested that Mr. White sign the guaranties so that her husband could undertake the work. Mr. White signed the guaranties, and the documents were returned to New York. Sometime later, Mr. Proctor defaulted on his construction obligations, and the plaintiffs then demanded that Mr. White assume the obligations in accordance with the guaranties.

81

After Mr. White's refusal, this lawsuit was commenced.

Plaintiffs contend that Mr. White is subject to suit under New York CPLR § 302(a)(1). This 1979 amended statute grants personal jurisdiction over any non-domiciliary who transacts business within the State or "contracts anywhere to supply goods or services in the State," with respect to a cause of action arising from those actions. The plaintiffs contend that Mr. White's signature on the four guaranties amounts to a contract to supply goods or services in New York, while the defendant contends that this is unsupported by the statute and that Mr. White does not have the requisite "minimum contacts" to be subject to jurisdiction in New York.

Prior to the amendment of the statute, decisional law established that:

mere performance of a contract in New York, when it is guaranteed elsewhere and the parties transacted no other business with respect to it in this State, would not, in and of itself, be sufficient to subject either party to the process of our courts.

*Hi Fashion Wigs, Inc. v. Peter Hammond Advertising, Inc.*, 32 N.Y.2d 583, 587–88, 347 N.Y.S.2d 47, 51, 300 N.E.2d 421, 423 (1973); *Ferrante Equipment Co. v. Lasker-Goldman Corp.*, 26 N.Y.2d 280, 309 N.Y.S.2d 913, 258 N.E.2d 202 (1970).

In *Culp and Evans v. White*, 106 Misc.2d 755, 435 N.Y.S.2d 248 (1981), an earlier related case initiated in New York State Supreme Court, defendant brought a similar motion to dismiss based upon the lack of personal jurisdiction.[1] Justice Rudolph Johnson denied the motion and stated his opinion that:

[u]nder the terms of the guarantee and as recognized by Defendant WHITE in his deposition, as guarantor Defendant was obliged to complete performance of the construction contracts within New York State if Defendant PROCTOR was otherwise unable to do so.

*Id.* at 249. Recognizing the legislative extension of personal jurisdiction under section 302(a)(1) to include "any person who contracts to supply goods or services in the State," Justice Johnson found that Mr. White's obligations as guarantor were sufficient to confer jurisdiction in New York State.[2]

While there are few other decisions dealing with this specific subject matter, the 1979 legislative amendments to the Civil Practice Law and Rules were intended, in part, to extend long arm jurisdiction to non-domiciliaries who make contracts to be performed in New York, and then fail to perform. The Law Revision Commission Memorandum accompanying the legislative changes is instructive on this point:

Nor is there any reason why a non-resident who contracts to sell goods or perform services in New York, regardless of where the agreement was made, should escape the power of New York courts where there is a failure of performance on his part. In these situations it does not seem oppressive to require the non-resident who agrees to perform a contract in New York, to respond for its non-performance. (McKinney's Cons.

---

**1.** That case was originally commenced in March, 1979. In August, 1979, the defendant moved to dismiss the action for lack of personal jurisdiction. The motion was denied without prejudice to allow the plaintiffs to depose the defendant on the issue of jurisdiction. On September 1, 1979, CPLR § 302 was amended, in part, extending personal jurisdiction over non-domiciliaries. In October of 1980 defendant renewed his motion to dismiss. Prior to the enactment of the amendment, defendant's motion to dismiss for lack of jurisdiction would have been well founded; however, courts have held that subsequent amendments to CPLR § 302 have retroactive application to suits commenced after the effective date of the legislation. *See Simonson v. International Bank*, 14 N.Y.2d 281, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964). Thus, in the case before Justice Johnson, the court could not confer jurisdiction *nunc pro tunc* but permitted the plaintiffs to voluntarily discontinue their original suit and initiate a second action to effect new service of process upon the defendant. It is this second action which is before the court.

**2.** Such a finding might well raise the issue of collateral estoppel; however, this issue was not affirmatively pled by the plaintiffs in this case.

Laws of N.Y., Book 7B, sec. 302, McLaughlin's Practice Commentary C302:13).

Law Revision Commission 1979 Leg.Doc. No. 65(c), p. 1453. Further, the Law Revision Commission and other commentators expected a reevaluation of *Ferrante Equipment v. Lasker-Goldman* in light of the 1979 amendment. *See* Legislative Review Commission, *supra*, note 3, p. 1454; Weinstein-Korn-Miller N.Y.Civ.Prac., ¶ 302.11a pp. 3–104—3–105, n.120. In this respect, I concur with the decision of Justice Johnson that defendant White's obligations were sufficient to confer jurisdiction under the New York State long arm statute.

Whether the defendant's contacts with the forum state are sufficient to reach the level of requisite contacts required by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); and *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), depends upon a standard of "fairness and substantial justice" for the assertion of *in personam* jurisdiction. In this case, the defendant has testified under oath that he read and signed the guaranties and that he understood that the guaranties were necessary for his former son-in-law to undertake the construction work. The guaranties stated in part that Evans and Culp were "willing to enter into such a contract only if the guarantors guarantee the faithful performance of all the terms thereof," and that the guarantors would guarantee the "prompt and complete performance by Leo M. Proctor Construction Co., Inc." Further, the defendant was aware of contingencies which might arise that would require him to finish the construction contract of his former son-in-law. Defendant stated while being deposed that he knew he might be required to complete the work if his son-in-law "died or whatever" (Deposition p. 28). With such knowledge and understanding leading him to lend his signature to the guaranty documents, it is not unreasonable to anticipate that he would be haled into court in New York if the construction was not completed. *See*

*World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Taking these facts into account, the quality and nature of the defendant's actions appear sufficient to support *in personam* jurisdiction within the framework of the New York State long arm statute and the rulings of the Supreme Court.

The defendant's final contention that service of process should be quashed since the court does not have jurisdiction is without merit, given the factors discussed above.

For these reasons, the defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction is denied.

So ordered.