FASHION TANNING COMPANY, INC., Respondent, v SHUTZER INDUSTRIES, INC., et al., Defendants, and ALVIN SHUTZER, Appellant.

Third Department, June 6, 1985

### APPEARANCES OF COUNSEL

*Caffry, Pontiff, Stewart, Rhodes & Judge, P. C. (Malcolm B. O'Hara* and *Mark A. Lebowitz* of counsel), for appellant.

*Kiley, Feldmann, Whalen, Devine & Patane, P. C. (James J. Devine, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

HARVEY, J.

This breach of contract action is before us by virtue of personal service of the summons and complaint upon defendant Alvin Shutzer in the State of Massachusetts on April 29, 1983. No service was obtained on defendant Carlo Vieni and that action has been severed. Defendant Shutzer Industries, Inc., does not contest its liability and is not a party to this appeal. Hereinafter,

references to defendant alone will refer only to Alvin Shutzer, individually.

Plaintiff is a domestic corporation located in the City of Gloversville, Fulton County, and is engaged in tanning and processing leather and leather products. The basis of the action was that the corporate defendant had failed and neglected to pay plaintiff for leather and leather finishing services ordered by it. The theory of liability against defendant was that he had personally guaranteed the debt of the corporate defendant. Defendant now denies any guarantee on his part.

The issue before the court at this time does not reach the merits of the action. Plaintiff was granted summary judgment against defendant on September 21, 1983 for the stated reason that defendants had raised no triable issues of fact. Defendant did not appear on the motion. However, by notice of motion dated October 3, 1983, defendant moved to vacate the judgment, contending that Special Term had lacked jurisdiction to render it. Supporting papers established without contradiction that defendant was a nondomiciliary of New York State and that he was never physically present in the State conducting business with plaintiff on an individual basis. Consequently, defendant contended that personal service upon him outside the State, ostensibly pursuant to our long-arm statute, was void.

In his papers, defendant referred only to CPLR 302 (c). We assume that his argument was based upon CPLR 302 (a) (1) as it existed before the 1979 amendment. Since that amendment (L 1979, ch 252), it has not been necessary to prove the transaction of business within the State in order to qualify under the long-arm statute. The applicable statute at the time of the events underlying this case established personal jurisdiction over any nondomiciliary who contracts anywhere to supply goods or services in this State (see, CPLR 302 [a] [1]). Performance of the guarantee would have been in this State. It was upon that basis that Special Term denied the motion to vacate the judgment. We agree (see, Culp & Evans v White, 106 Misc 2d 755, 756; Pyramid Co. v Original Great Am. Chocolate Chip Cookie Co., 102 Misc 2d 1056, 1058-1059; McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:13, 1984-1985 Supp, pp 37, 39-40, 42; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 302.11a).

During all the proceedings through and including the motion to vacate, defendant was represented by out-of-State attorneys. Thereafter, he retained New York attorneys who brought on a motion to renew and reargue the motion to vacate,

which was denied. No new facts were submitted. Consequently, it had to be considered merely a motion to reargue (*Spiro v Spiro,* 91 AD2d 1103, 1104, *lv dismissed* 59 NY2d 761), the denial of which is not appealable (*Roy v National Grange Mut. Ins. Co.,* 85 AD2d 832, 833).

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Orders affirmed, with costs.