GAINES SERVICE LEASING
CORP., Plaintiff,

v.

Severyn ASHKENAZY, Variety Car Rental Co., A California Corporation and Royal Limousine service inc., a California Corporation d/b/a Variety Car Rental Co., a California General Partnership, Ernest E. Simms and Showcase Rental Cars Inc., a California Corporation, Defendants.

No. 85–CV–4398(JBW).

United States District Court,
E.D. New York.

May 30, 1986.

Neil Friedkin, Brooklyn, N.Y., for plaintiff.

Herzfeld & Rubin, P.C., New York City by John M. Schwartz, for defendant Severyn Ashkenazy.

## MEMORANDUM AND ORDER

WEINSTEIN, Chief Judge:

Severyn Ashkenazy moves to set aside a default entry and to dismiss the action against him on the ground that this court lacks a basis for the exercise of personal jurisdiction.

## I. FACTS

Plaintiff Gaines Service Leasing Corp., a New York corporation, entered into agreements with a number of California-based companies to supply leased automobiles in California. The contracts were negotiated in New York. They contained a clause stating that New York law applied, that any disputes were to be adjudicated in New York courts, and that the defense of lack of personal jurisdiction was waived.

The individual defendant Severyn Ashkenazy, a resident of California, did not come to New York, and no facts were supplied which would permit piercing of the corporate veil to make him personally responsible for the actions of the corporation. He did sign in California a guarantee of performance for each contract.

The question before us is whether Ashkenazy's signing of those guarantees constitutes a basis for the application of personal jurisdiction by the New York courts. He was served in California. No issue of lack of proper service has been raised.

## II. CONFLICT OF LAWS

On oral argument the court pointed out the possible conflict of laws problem: to wit, did New York or California contract law control interpretation of the guarantee clause. The parties declined to address the issue of whether California law should apply to interpretation of the guarantee. All of the cases cited by them in their briefs deal with New York law. In effect the parties have agreed that the law of New York applies. *See Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 265 N.E.2d 739 (1970). Accordingly, since there is no manifest injustice, we look only to New York law, the law of this forum.

## III. NEW YORK LONG–ARM JURISDICTION

The first possible predicate for an assertion of jurisdiction is found in New York's long-arm statute. It provides in pertinent part: "[A] court may exercise personal jurisdiction over any non-domiciliary ... who ... transacts any business within the state or contracts anywhere to supply goods or services in the state...." CPLR § 302(a)(1). The clause granting jurisdiction over anyone who "contracts anywhere to supply goods or services in the state" was added in 1979 to broaden the scope of the long-arm statute. The question posed is whether guaranteeing payments to a New York corporation consti-

tutes a contract to provide "services" in New York.

The leases do not specify where payment is to be made. The general rule, however, "is that the debtor must seek the creditor and make tender to him wherever he is found." Williston on Contracts, § 1512, p. 428 (3d ed. 1972). It may therefore be assumed on this record that the payments due under the lease, and by extension those due under the guarantee, were to be made in New York.

Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in this diversity case we follow New York law as reasonably interpreted by its intermediate appellate courts if a higher court has not ruled. *See* C.A. Wright, Law of Federal Courts 370 ff. (4th ed. 1983). The most recent authoritative state case on the point is *Fashion Tanning v. Shutzer Industries*, 108 A.D.2d 485, 489 N.Y.S.2d 791 (3rd Dept.1985). The record on appeal in that case reveals that a Massachusetts corporation ordered from a New York corporation goods and services to be supplied in Massachusetts. The individual defendant, a Massachusetts resident, speaking by telephone from his home state, personally guaranteed the debt of the corporate defendant. In *Fashion Tanning*, the Third Department sustained a finding of jurisdiction over the defendant, "a non-domiciliary of New York State [who] was never physically present in the State conducting business with plaintiff on an individual basis." *Id.*, 489 N.Y.S.2d at 792. He was, the state court found, subject to personal jurisdiction because the "[p]erformance of the guaranty would have been in this State." *Id.* *Accord, Chemco International Leasing, Inc. v. Meridian Engineering, Inc.*, 590 F.Supp. 539, 542–43 (S.D.N.Y.1984); *cf. Culp & Evans v. White*, 106 Misc.2d 755, 435 N.Y.S.2d 248, 249 (Sup.Ct.1981); *Pyramid Co. of Ithaca v. Original Great American Chocolate Chip Cookie Company, Inc.*, 102 Misc.2d 1056, 425 N.Y.S.2d 230 (Sup.Ct.1980); *but cf. Export Credit Corp. v. Diesel Auto Parts Co.*, 502 F.Supp. 207 (S.D.N.Y.1980) (relying on pre-1979 law). *See also J.E.T. Advertising Associates v. Lawn King, Inc.*, 84 A.D.2d 744, 443 N.Y.S.2d 745 (2d Dept.1981) (non-domiciliary's obligation to make payments on an advertising contract not grounds for jurisdiction under section 302(a)(1)); Report of the Law Revision Commission for 1979, Leg.Doc. (1979) No. 65(c), pp. 4–9; *Island Wholesale Wood Supplies v. Blanchard Industries, Inc.*, 101 A.D.2d 878, 476 N.Y. S.2d 192, 193, 194 (2d Dept.1984).

No constitutional inhibition to the state's long-arm jurisdiction in the instant case is apparent. The Supreme Court has held that a state may assert jurisdiction over a non-domiciliary based on his obligation to make payments to a corporation within the state. *See Burger King v. Rudzewicz*, —— U.S. ——, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

## IV. WAIVER OF LACK OF JURISDICTION

 The second basis for exercise of personal jurisdiction is the contracts' waiver of lack of personal jurisdiction as a defense. While the guarantees which Ashkenazy signed do not explicitly contain a waiver, the guarantees do appear on the same page of the contracts as the waiver provision. Ashkenazy can be assumed to have read and agreed to the terms of the contract relevant to the guarantee, including the waiver provision, before guaranteeing payment.

## V. POLICY IN FAVOR OF SINGLE ADJUDICATION

It is desirable to have all issues in the case decided in one suit in one forum. Here any defenses available to the corporation might also have been available to the guarantor. There should be no jurisdictional compulsion for the plaintiff to bring two actions, one in this state against the corporations (under the clause selecting a New York forum) and one in California against the individual guarantor. This persuasive policy reason leads us to believe that, were the issue posed, New York courts would hold that the contractual

waiver of the jurisdiction defense should be deemed to have been incorporated into the guaranty. In view of the terms of the written agreement, this case is far stronger than *Fashion Tanning*, which involved an oral guarantee and no waiver of jurisdiction clause.

## VI. CONCLUSION

There was jurisdiction over defendant Ashkenazy. His motion is denied.

No reason to vacate the default on grounds other than lack of jurisdiction was developed at oral argument. If the defendant wishes to press the motion to set aside the default on non-jurisdictional grounds, the court will entertain further argument.

So ordered.