**CHASE MANHATTAN SERVICE CORPORATION, Plaintiff,**

*v.*

**NATIONAL BUSINESS SYSTEMS, INC. and National Business Systems, Inc., Defendants.**

**No. 90 Civ. 5363 (PKL).**

United States District Court, S.D. New York.

June 24, 1991.

---

John G. Gentile, Winick & Rich, P.C., New York City.

William T. Hopkins, Gallucci, Hopkins & Theisen, P.C., Fort Wayne, Ind.

## MEMORANDUM ORDER

LEISURE, District Judge:

This is an action to recover $354,506.85 (plus additionally accruing late charges) from National Business Systems, Inc., a Delaware corporation ("NBS/Delaware"), arising from NBS/Delaware's default under an equipment lease, and from National Business Systems, Inc., a Canadian corporation ("NBS/Canada"), as guarantor of NBS/Delaware's obligations. NBS/Canada has now moved to dismiss the action against it for lack of personal jurisdiction, and plaintiff has cross-moved for summary judgment against NBS/Delaware. For the reasons set forth below, NBS/Canada's motion to dismiss is denied, and plaintiff's cross-motion for summary judgment is granted.

### Background

On or about July 12, 1984, United States Banknote Corporation ("USBC") entered into an equipment lease (the "Lease") with plaintiff, pursuant to which USBC leased certain equipment (the "Equipment"), with lease payments to be made in 28 consecutive quarterly installments of $36,303.85, plus applicable tax.

Pursuant to a transfer agreement dated April 22, 1985 (the "Transfer Agreement"), USBC transferred its right, title and interest to the Lease and Equipment to NBS/Delaware. In order to induce plaintiff to consent to the Transfer Agreement, NBS/Canada subsequently executed an unconditional guaranty (the "Guaranty") in favor of plaintiff, a New York corporation with its principal place of business in New York, pursuant to which NBS/Canada guarantied the obligations of NBS/Delaware under the Lease and Transfer Agreement. Under the terms of the Lease,

the Transfer Agreement, and the Guaranty, NBS/Canada agreed to make the Lease payments at plaintiff's corporate headquarters, located in New York City.

NBS/Delaware thereafter defaulted on its obligations under the Lease by failing to pay the quarterly installment due January 1990, and by failing to make any payments due thereafter. Despite due demand by plaintiff, NBS/Canada has allegedly refused to make these payments on behalf of NBS/Delaware, and thus has allegedly failed to satisfy its obligations under the Guaranty.

### Discussion

I. Motion to Dismiss for Lack of Personal Jurisdiction Over NBS/Canada

■ In this diversity action, personal jurisdiction over a defendant

> is determined by reference to the law of the jurisdiction in which the court sits. The burden of establishing jurisdiction over a defendant, by a preponderance of the evidence, is upon the plaintiff. Until an evidentiary hearing is held, however, the plaintiff need make only a prima facie showing that jurisdiction exists, and this remains true not withstanding a controverting presentation by the moving party. In the absence of an evidentiary hearing on the jurisdictional allegations, or a trial on the merits, all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubt exist, they are resolved in the plaintiff's favor.

*Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985) (citations omitted).[1] Section 302 of the New York Civil Practice Law and Rules ("CPLR") embodies New York's personal jurisdiction "long-arm" rules. CPLR § 302(a)(1) provides that

> [a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in per-

---

**1.** No evidentiary hearing had been held by the Court with respect to the issue of personal juris-

diction in this case.

son or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state.

CPLR § 302(a)(1).

NBS/Canada contends that the Guaranty, absent any further contacts between NBS/Canada and New York, is not a sufficient basis upon which NBS/Canada can be subjected to the personal jurisdiction of this Court. Plaintiff argues that NBS/Canada's guaranty of NBS/Delaware's lease payments, when those payments are to be made in New York, constitutes a contract to supply "services" in New York within the meaning of CPLR § 302(a)(1), and thus provides a sufficient basis for the exercise of personal jurisdiction over NBS/Canada by this Court.

In support of its position on this question, NBS/Canada cites several cases, none of which involves a guaranty of payments, and all of which were decided prior to 1979 when the state legislature amended CPLR § 302(a)(1), expanding the reach of New York's "long arm" statute over nondomiciliaries. *See* 1 J. Weinstein, H. Korn & A. Miller, *New York Civil Practice*, ¶ 302.11a, at 3–130 (1986) (citing cases). As such, these cases are of little weight.

On the other hand, New York courts that have been directly presented with the issue of the sufficiency of a guaranty as the basis for the exercise of personal jurisdiction over the guarantor, have held that providing a guaranty—where the payments are to be made in New York—constitutes "supply[ing] goods or services in the state" under CPLR § 302(a)(1).[2] *See Bankers Trust Co. v. Nordheimer*, 746 F.Supp. 363, 368 (S.D.N.Y.1990); *Manufacturers Hanover Leasing Corp. v. Ace Drilling Co.*, 720 F.Supp. 48, 49 (S.D.N.Y.1989); *Gaines Service Leasing Corp. v. Ashkenazy*, 635 F.Supp. 805, 806–807 (E.D.N.Y.1986);

*Chemco International Leasing, Inc. v. Meridian Engineering, Inc.*, 590 F.Supp. 539 (S.D.N.Y.1984); *Culp and Evans v. White*, 524 F.Supp. 81 (W.D.N.Y.1981); *Fashion Tanning Co. v. Shutzer Industries, Inc.*, 108 A.D.2d 485, 489 N.Y.S.2d 791 (3d Dep't 1985).

Nevertheless, this application of CPLR § 302(a)(1) must also comport with the constitutional requirements of the Due Process Clause. In the instant case, the guarantying of the Lease by NBS/Canada, including the promise to make payments to plaintiff in New York, constitutes " 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and the protection of its laws.' " *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)); *see also Manufacturers Hanover, supra*, 720 F.Supp. at 50; *Gaines Service Leasing, supra*, 635 F.Supp. at 807 (citing *Burger King*). Accordingly, the exercise of personal jurisdiction over NBS/Canada would not offend "our traditional conception of fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).

## II. Plaintiff's Cross–Motion For Summary Judgment

Plaintiff has cross-moved for summary judgment against NBS/Delaware. On May 15, 1991, counsel for NBS/Delaware notified this Court, via telephone, that it would not submit papers opposing plaintiff's motion, and it has not done so. Therefore, plaintiff's motion for summary judgment is granted. *See* Rule 3(b) of the Civil Rules

---

**2.** The Second Circuit has yet to address this issue. However, in *Armada Supply Inc. v. Wright*, 858 F.2d 842, 849 (2d Cir.1988), the Court held that a nondomiciliary who contracts to insure property in New York—even if that property is transitory—is "clearly" subject to jurisdiction under CPLR § 302(a)(1) on suits arising from such insurance, as one who has contracted to provide services in New York.

The Court also held that the exercise of jurisdiction in such a case comports with the requirement of the Due Process Clause. *Armada Supply, supra*, 858 F.2d at 849. The case at bar is analogous to *Armada Supply* in that it likewise involves a form of "insurance" to be provided in New York, specifically, "insurance" against nonpayment by NBS/Delaware in the form of the Guaranty.

**206**

of the United States District Courts for the Southern and Eastern Districts of New York.

### Conclusion

For the reasons set forth above, defendant NBS/Canada's motion to dismiss the action against it for lack of personal jurisdiction is denied, and plaintiff's cross-motion for summary judgment against defendant NBS/Delaware is granted.

SO ORDERED.