OPINION OF THE COURT
Barbara R. Kapnick, J.
The unique issue to be resolved on this motion is whether a *656 guarantee given by a non-New York domiciliary guaranteeing the "strict performance of and observance by a Tenant of all the agreements, provisions and rules” of a residential lease for a condominium apartment located in New York City constitutes the supplying of goods and services within the State so as to confer long-arm jurisdiction over the defendant, pursuant to CPLR 302 (a) (1).
Defendant Edward J. Slotkin originally moved, pursuant to CPLR 3211, 302 (a) and UCCA 404 (a), (b) to dismiss the complaint herein on the grounds that the court lacks jurisdiction over the person of the defendant, or, in the alternative, for summary judgment. In his reply affirmation, counsel for defendant conceded that since defendant had not yet served his answer, that portion of the motion seeking summary judgment was premature, and asked that that relief be denied without prejudice to its renewal following joinder of issue. The court also notes that the provisions of the UCCA are not applicable here, since that act applies only to "courts in and for cities other than the city of New York.” (See, Preamble, L 1964, ch 497; italics supplied.) Thus, the only issue remaining is whether or not this court has jurisdiction over the person of the defendant.
The undisputed facts reveal that on or about February 18, 1985, the defendant’s son, John Slotkin, entered into a written agreement with plaintiffs to lease their condominium apartment located at 45 West 67th Street, apt. 17D, in Manhattan for a one-year term commencing April 1, 1985 and ending on March 31, 1986. The plaintiffs apparently requested the defendant to guarantee the lease, which he did after receiving it by mail in Michigan. Defendant executed the guarantee in Michigan where he has lived since 1955, and returned the documents by mail to New York.
Apparently, the lease was extended by written agreements between the plaintiff’s agent and the defendant’s son through March 31, 1991. On or about January 1, 1991, defendant’s son ceased making his monthly rental payments. Plaintiffs then filed a summary nonpayment proceeding against John Slotkin, seeking possession of the premises and payment of back rent. On or about July 19, 1991, the parties entered into a stipulation of settlement in which respondent agreed, inter alla, to pay $20,250.50, consisting of rental arrears and use and occupancy, no later than September 6, 1991. Despite the terms of the stipulation, John Slotkin vacated the premises on *657 September 7, 1991, without making any of the stipulated payments.
Plaintiffs then commenced this action against defendant Edward J. Slotkin based upon his guarantee of the original February 18, 1985 lease agreement between plaintiffs and defendant’s son.
It is not disputed that at all relevant times defendant was a resident of the State of Michigan and executed the guarantee upon which plaintiff relies in Michigan. Defendant was only served with the summons and complaint in Michigan, not in New York. Furthermore, in signing the guarantee, defendant never consented to the jurisdiction of the New York courts.
Defendant argues that since no claim is made against him out of his ownership, use or possession of real property within the City of New York (as provided in CPLR 302 [a] [4]), this court can only exercise long-arm jurisdiction over him if a guarantee of another’s performance and observance of the terms of a residential condominium lease can be considered the transaction of business or the supplying of goods or services within the State pursuant to CPLR 302 (a) (1). Defendant relies on the case of Waldorf Assocs. v Neville (141 Misc 2d 150 [Sup Ct, NY County 1988], affd 155 AD2d 283 [1st Dept 1989]), in which a real estate developer in California signed and executed an individual guarantee of payment in California on behalf of an Ohio corporation which had obtained financing from a New York corporation. The court, citing American Recreation Group v Woznicki (87 AD2d 600), determined that "the giving of a promissory note, executed outside of the State and payable in New York, does not fall into the category of a contract to supply goods or services within the State, nor does it constitute doing business within the State”. (Waldorf Assocs. v Neville, supra, at 153.)
Plaintiffs seek to distinguish the facts in the instant action from those in Waldorf (supra), asserting that since this defendant guaranteed the performance of a lease for real property in New York, and not just the payment of a debt, he is subject to New York’s long-arm jurisdiction. The guarantee signed by defendant and dated February 22, 1985 provides in relevant part as follows: "The undersigned Guarantor guarantees to Owner the strict performance of and observance by Tenant of all the agreements, provisions and rules in the attached lease.”
Plaintiffs rely upon the case of Culp & Evans v White (106 *658 Misc 2d 755 [Sup Ct, Erie County 1991]), in which plaintiff sued defendant to enforce certain personal guarantees executed by defendant in Texas which were to secure the performance of various construction contracts entered into by a construction company to build four restaurants in New York State. The court denied defendant’s motion to dismiss for lack of jurisdiction pursuant to CPLR 302 (a) (1), finding that as guarantor, the defendant was obligated to complete performance of the contracts within New York State if the construction company was otherwise unable to do so. In Pyramid Co. v Original Great Am. Chocolate Chip Cookie Co. (102 Misc 2d 1056 [Sup Ct, Onondaga County 1980]), the court reached a similar conclusion, finding that the Legislature, by expanding CPLR 302 (a) (1) in 1979 so as to confer personal jurisdiction over a defendant who contracts anywhere to supply goods or services in the State, "intended, in part, to extend long-arm jurisdiction to nondomiciliaries who make contracts to be performed in New York and then totally fail to perform.” (Pyramid Co. v Original Great Am. Chocolate Chip Cookie Co., at 1058-1059; italics supplied.)
The decisions of the State courts in the different Departments have not been consistent on this issue, particularly where the contract involved is not one to guarantee the completion of actual physical performance, but is rather to guarantee payment of some type of financial obligation in New York. The Supplementary Practice Commentaries to CPLR 302 suggest that "[a]s a matter of statutory interpretation, there is no reason why 'services’ must be confined to the idea of physical labor. In today’s world of finance, in which New York plays a central role, guaranteeing the payment of financial obligations is a very significant 'service’ that facilitates countless business ventures.” (Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C302:13,1992 Pocket Part, at 8.)
A broader reading of the amended CPLR 302 (a) (1) appears to be preferable. Most of the Federal District Courts in New York which have applied CPLR 302 (a) (1) in a diversity action have given the amended statute a broad reading, finding that a guarantor’s agreement to make payment in New York is within the parameters of "performing services” in the State. (See, Bankers Trust Co. v Nordheimer, 746 F Supp 363 [SD NY 1990]; Manufacturers Hanover Leasing Corp. v Ace Drilling Co., 720 F Supp 48 [SD NY 1989]; Chemco Intl. Leasing v Meridian Eng’g, 590 F Supp 539 [SD NY 1984].) The court in *659 the Chemco case specifically commented on the fact that there should be no meaningful distinction between guaranteeing performance of a construction contract and guaranteeing the payment of money, since as a practical matter, in most cases a judgment cannot be made to require a defendant to specifically perform an obligation, but only to make payment of money damages. (Chemco Intl. Leasing v Meridian Eng’g, at 543.)
This court is aware that in the Federal cases cited, the contracts involved contained a provision that the contract was to be governed by the laws of New York, which was not the case here. While such a clause would admittedly have increased the guarantor’s expectation that any potential litigation would probably be brought in New York, in this case, there were other significant factors which should have created that expectation in defendant’s mind. The lease agreement related to residential property in New York, and defendant’s guarantee was surely a significant factor in inducing plaintiffs to lease their condominium unit in New York to defendant’s son. Certainly defendant should have foreseen legal consequences arising in New York in the event of a breach of this agreement and not relied upon his nondomiciliary status to act as a shield to protect him from a lawsuit in New York.
It appears to this court that under all the circumstances, this defendant, by guaranteeing the strict performance of the terms of the lease relating to real estate in New York, rather than just guaranteeing payment of a debt, established a sufficient relationship with the State of New York to bring him within the long-arm jurisdiction of this court. It would not be equitable under these facts to require the plaintiffs to chase defendant to Michigan to bring suit on this guarantee.
Accordingly, defendant’s motion to dismiss for lack of jurisdiction is denied. That portion of the motion seeking summary judgment is denied as premature, with leave to renew after joinder of issue.