**KEY BANK OF NEW YORK, N.A.,** formerly known as **Key Bank of Eastern New York, N.A. and Key Bank, N.A., Plaintiff,**

v.

**Ramesh PATEL, Pravin Khatiwala and Paul Menell, Defendants.**

No. 91–CV–1440.

United States District Court, N.D. New York.

Aug. 18, 1992.

Cooper Erving Savage Nolan & Heller, Albany, N.Y., for plaintiff (Justin A. Heller, of counsel).

Tabner and Laudato, Albany, N.Y., for defendants (William F. Ryan, of counsel).

MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

Plaintiff commenced this action in New York State Supreme Court, Albany County, in November, 1991, alleging breach of a

guaranty agreement. Defendants removed the case to this court pursuant to 28 U.S.C. § 1441 (1988 & West Supp.1992). Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332 (1988 & West Supp.1992). On July 7, 1992, the court heard oral argument on plaintiff's motion for summary judgment against defendant Khatiwala and defendant Khatiwala's cross-motion for summary judgment, after which the court granted plaintiff's motion and denied defendant Khatiwala's cross-motion. This memorandum is issued to explain the reasoning behind the court's decision.

## I. OVERVIEW

The defendants are directors of V.I.P. Motor Lodge, Inc. ("V.I.P."). V.I.P.'s sole asset is a Howard Johnson's Motor Lodge and Restaurant in Colonie, New York. On December 18, 1987, plaintiff Key Bank extended a $250,000.00 loan to V.I.P. in consideration for a promissory note. Under its express terms, the promissory note would become immediately due without demand if V.I.P. (1) failed to make timely payments under the note, or (2) became the subject of a bankruptcy proceeding. Four days later, on December 22, 1987, defendants allegedly executed and delivered a joint and several absolute guaranty of payment on the note.

Key Bank alleges that conditions requiring immediate payment on the note have occurred, thereby triggering V.I.P.'s obligation to pay the value of the note. Specifically, Key Bank contends that V.I.P. failed to make timely payments under the note and, in August, 1990, filed a voluntary petition for bankruptcy. V.I.P., however, refused to honor its obligation to pay the total amount due on the note. Key Bank thereafter sought recourse from the defendants as guarantors, but the defendants apparently refused to honor their obligations, as well. Key Bank subsequently commenced this suit against the defendants, seeking performance on their commitment to guaranty payment due on the note. Key Bank now moves for summary judgment against defendant Khatiwala. Khatiwala cross-moves for summary judgment against Key Bank.

## II. DISCUSSION

### A. Merits of Key Bank's claim

Key Bank argues that summary judgment is warranted because there exists no genuine issue of material fact that Khatiwala is legally bound by the guaranty and therefore must fulfill its obligation to Key Bank in accordance with the agreement. *See* Phelan Aff. (6/9/92) at ¶ 4 & exh. "B" (guaranty signed by, *inter alia*, Khatiwala). The motion is directed against Khatiwala only, without regard to the other two guarantors/defendants, because of Key Bank's admitted inability to effectuate proper service of process upon the others. In response, Khatiwala does not contest the substance of Key Bank's claim; rather, he contends only that the court does not have personal jurisdiction over him in the first place. The court's purported lack of personal jurisdiction also provides the sole basis for Khatiwala's cross-motion for summary judgment.

Since Khatiwala presents no evidence to dispute the allegations supporting Key Bank's substantive claim (*i.e.* that Khatiwala is bound by the guaranty agreement), the court must assume that there exists no genuine issue of material fact as to that claim. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (burden is on party opposing summary judgment to present with evidence showing a genuine issue of material fact). Given the lack of a factual dispute as to Khatiwala's obligation under the guaranty agreement, Key Bank would be entitled to summary judgment as a matter of law but for Khatiwala's contention that the court lacks personal jurisdiction over him. *See* Fed. R.Civ.P. 56(b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49, 106 S.Ct. 2505,

2509–11, 91 L.Ed.2d 202 (1986). Since Khatiwala's jurisdictional challenge presents the only obstacle to summary judgment for Key Bank, the remainder of this discussion will focus on whether Khatiwala is subject to the personal jurisdiction of this court.

### B. Personal jurisdiction

■ As the parties are aware, Key Bank, as the plaintiff, has the burden of demonstrating the court's personal jurisdiction over Khatiwala pursuant to New York law. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *Hammond v. Alpha 1 Biomedicals, Inc.,* No. 91–CV–1477, 1992 WL 44365 * 2–3, 1992 U.S. Dist. LEXIS 2421 * 6–7 (N.D.N.Y. Mar. 2, 1992) (McCurn, C.J.) (appeal filed). Key Bank asserts that N.Y.Civ.Prac.L. & R. ("CPLR") 302(a)(1) provides the basis for jurisdiction. That statute subjects a defendant to personal jurisdiction in New York if he or his agent "transacts any business in the state, or contracts anywhere to supply goods or services in the state." § 302(a)(1); *see CutCo Indus. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); Khatiwala contends that he neither transacted business within the state nor contracted to supply goods or services within the state, and therefore is not covered by this statute.

■ Generally, when a defendant asserts in a summary judgment motion that the court lacks personal jurisdiction, the court must determine whether undisputed facts exist that warrant judgment. *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990). If the defendant contests the plaintiff's factual allegations, then the court must hold a hearing at which plaintiff must prove the existence of jurisdiction by a preponderance of the evidence. *Id.* No such evidentiary hearing is required in the present case, however; the court has before it enough undisputed facts to determine as a matter of law that Khatiwala is subject to the personal jurisdiction of this court.

■ The absence of a material factual dispute is inherent in Khatiwala's concession that he entered into the guaranty agreement with New York-based Key Bank. *See* Khatiwala Aff. (6/20/92) at ¶ 6. By making this fatal concession, Khatiwala falls prey to the well-settled rule that "making a guarantee of payment to New York is 'supply[ing] goods or services' in the state" within the meaning of CPLR 302(a)(1). *Manufacturers Hanover Leasing Corp. v. Ace Drilling Co.,* 720 F.Supp. 48, 49 (S.D.N.Y.1989) (quoting CPLR 302(a)(1)). The rationale behind this rule is simple enough: "CPLR 302(a)(1) contemplates that jurisdiction will be exercised not only over a non-domiciliary who contracts outside of New York and actually ships goods into the state, but also over a non-domiciliary who contracts outside the state and subsequently fails to perform any part of the contract." Weinstein, et al., New York Civil Practice ¶ 302–11(a) at 3–103, *quoted in Chemco Int'l Leasing, Inc. v. Meridian Eng'g, Inc.,* 590 F.Supp. 539, 542 (S.D.N.Y.1984).

The rule that a guaranty to make payments to a New York entity constitutes a contract to provide services in New York pursuant to CPLR 302(a)(1) is so firmly entrenched in case law that it is hardly worth elucidation. *Chase Manhattan Serv. Corp. v. National Bus. Sys., Inc.,* 766 F.Supp. 203, 205 (S.D.N.Y.1991). The court directs counsel to the numerous published opinions which discuss this axiom. *See, e.g., id.; Manufacturers Hanover Leasing Corp.,* 720 F.Supp. at 49; *Gaines Serv. Leasing Corp. v. Ashkenazy,* 635 F.Supp. 805, 807 (E.D.N.Y.1986); *Chemco Int'l Leasing, Inc.,* 590 F.Supp. at 542; *Culp and Evans v. White,* 524 F.Supp. 81, 82–83 (W.D.N.Y.1981); *Fashion Tanning Co. v. Shutzer Indus., Inc.,* 108 A.D.2d 485, 489 N.Y.S.2d 791 (3d Dep't 1985). Rather than discuss each of these cases individually, the court simply points out that many of these cases are notably similar to the present in that the defendant's

only contact with New York was through a guaranty that was executed outside of New York State but directed to a New York creditor. The respective courts in these cases were not swayed by the defendant's purported lack of physical contact with the state, and uniformly maintained that the guaranty relationship was in itself sufficient to subject the defendant to personal jurisdiction in New York State. *See Gaines Serv. Leasing Corp.*, 635 F.Supp. at 806 (defendant "did not come to New York ... [but] [h]e did sign in California a guarantee of performance for each contract"); *Chemco Int'l Leasing, Inc.*, 590 F.Supp. at 542; *Culp and Evans*, 524 F.Supp. at 81–82. Similarly, this court concludes that Khatiwala's lack of physical contact with this forum is inconsequential because his execution of the guaranty by itself automatically subjected him to personal jurisdiction in this court pursuant to section 302(a)(1).

The effect of Khatiwala's admitted contract to provide services within New York State, of course, is that he is subject to personal jurisdiction in New York State (and hence in this forum). Consequently, his sole basis for opposing Key Bank's motion for summary judgment is defeated.[1] Since Khatiwala has proffered no other evidence suggesting the existence of a genuine issue of material fact concerning his obligations under the guaranty, and it is clear that the guaranty requires him to pay Key Bank the amount owing under the note, Key Bank is entitled to judgment as a matter of law. Khatiwala's cross-motion for summary judgment for want of personal jurisdiction is denied.

## III. CONCLUSION

Defendant Khatiwala is subject to personal jurisdiction in this court. Accordingly, his cross-motion for summary judgment for want of personal jurisdiction is denied.

Key Bank's motion for summary judgment is granted.

IT IS SO ORDERED.

---

1. Since Khatiwala is subject to this court's jurisdiction due to the guaranty agreement, the court need not examine Key Bank's alternative, more tenuous basis for asserting jurisdiction against

him, *to wit* that a V.I.P. agent transacted business within the state and thus, by operation of agency law, subjected Khatiwala to this court's jurisdiction.