Owen McGtvern, J.
Defendant moves for dismissal of the complaint for legal insufficiency.
Plaintiff was the bargaining agent of the employees of a corporation against which an award in arbitration was made in favor of the plaintiff. Judgment was entered upon the award, execution issued, and returned unsatisfied. This action is brought on the judgment and on section 71 of the Stock Corporation Law and against the defendant, a stockholder of the employer corporation. The award and judgment fixed the amount due from the corporation to the union’s Health and Welfare Fund and Retirement Benefits Fund and the several amounts due as basic wages to several named employees. It is further alleged in the complaint that due notice was given to the defendant pursuant to section 71 of the Stock Corporation Law, and that by reason thereof the defendant is liable to the plaintiff for the amounts found due by the award and judgment.
The statute reads as follows :
“ The stockholders of every stock corporation shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation. Before such laborer, servant or employee shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable. An action *737 therefor shall be commenced within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services.
‘ ‘ For the purposes of this section, wages or salaries shall mean all compensation and benefits payable by an employer to or for the account of the employee for personal services rendered by such employee. These shall specifically include but not be limited to salaries, overtime, vacation, holiday and severance pay; employer contributions to or payments of insurance or welfare benefits; employer contributions to pension or annuity funds; and any other moneys properly due or payable for services rendered by such employee.”
This statute was amended by chapter 794 of the Laws of 1952 when similar provisions were added to section 22 of the Debtor and Creditor Law and still later to the Penal Law (§ 962-a; L. 1958, ch. 825).
As stated in Matter of Fay [Dewey] (291 N. Y. 198, 216): ‘ ‘ In the construction of a statutory or constitutional provision a meaning should not be given to words that are the -subject of construction that will defeat the purpose and intent of the statutory provision or that will make such provision absurd.”
Upon submission of the bill enacting section 71, the sponsor advised the Governor by letter: ‘ ‘ While the contributions to the funds are basically and intrinsically wages, nevertheless we have no remedy at hand to enforce them as such. Unless appropriate weapons are placed in the hands of the trustees or administrators, they will be powerless to enforce, in behalf of the employees, the collection of these contributions. Therefore, the trustees of the welfare funds must be given an adequate remedy to enforce the non-payment of wages.” (See Governor’s Bill Jacket on L. 1952, ch. 794; italics supplied.) The contention, therefore, that the employees, and not the union, must in these circumstances bring suit is unacceptable. In this view, it is unnecessary to determine whether the union has capacity under the statute to institute suit for the recovery of the basic wages as found to be due by the award as adjudged in favor of the union in that proceeding, as well as the contributions to the respective funds. The cause of action set forth in the complaint is sufficient to enable recovery if the allegations thereof are proved with respect at least to the contributions due to the funds.
Finally, plaintiff has sufficiently alleged notice under section 71. The motion is denied.