Louis G. Bruhn, J.
This is a motion on behalf of the plaintiffs, pursuant to rule 113 of the Buies of Civil Practice, for an order striking out defendants’ answer and directing the entry of summary judgment for plaintiffs.
The action involved was instituted by the plaintiffs under the provisions of section 71 of the Stock Corporation Law of the State of New York against the defendants as stockholders of Joe’s State Street, Inc., a stock corporation organized and existing under the laws of the State of New York, for certain moneys which the corporation was obligated to pay to the plaintiffs pursuant to the terms of collective bargaining agreement.
It appears uncontradicted that on October 8,1960 the corporation filed a petition in bankruptcy and that on October 10, 1960 the Beferee in Bankruptcy entered an order permitting the corporation to operate its business as a debtor in possession.
It further appears that the corporation was declared a bankrupt on April 10, 1961 after having suspended its restaurant operation on or about April 1,1961.
A letter dated May 31, 1961 was addressed to the trustee in bankruptcy on behalf of Union Local No. 471, a party to a collective bargaining agreement, with the corporation. Such letter, in part, stated: “ If the corporation intends to reopen the restaurant, we take the position that the contract remains in effect. However, if we receive notice to the contrary, we will consider the agreement and, therefore the services of the employees terminated as of the date such notice is received. ’ ’
The trustee, by letter dated June 1, 1961 replied and stated in part: “ Please be advised that the possibility of this corporation ever doing business again as a restaurant is exceedingly slight. Accordingly, you may assume that because of the bankruptcy, the collective bargaining agreement is terminated. ’ ’
*998 On June 20, 1961 the plaintiffs served notice on each of the stockholders that it intended to hold them personally liable on the corporate debt.
Section 71 of the Stock Corporation Law provides:
“ The stockholders of every stock corporation shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation. Before such laborer, servant or employee shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable. An action therefor shall be commenced within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services.
“ For the purposes of this section, wages or salaries shall mean all compensation and benefits payable by an employer to or for the account of the employee for personal services rendered by such employee. These shall specifically include but not be limited to salaries, overtime, vacation, holiday and severance pay; employer contributions to or payments of insurance or welfare benefits; employer contributions to pension or annuity funds; and any other moneys properly due or payable for services rendered by such employee.” (Italics supplied.)
The defendants resist the motion on two main grounds.
In the first place, they claim that since the plaintiffs as trustees are neither laborers, servants nor employees they have no right under the statute to bring this action.
Next, they contend that the required statutory 30-day notice following the termination of employment was not timely given.
To sensibly and properly determine the issues raised we must, at the outset, be cognizant of the fact that any rights the plaintiffs have are creatures of statute and therefore the rule of strict compliance must be observed. (Bristor v. Smith, 158 N. Y. 157, 158.)
It may well be that the objection that the plaintiffs are not a proper party is not well founded since paragraph 9 of the collective bargaining agreement involved obligates the corporation employer to pay 4% of straight time wages of each of the employees covered by the agreement to the trustees of Capitol City Restaurateurs Association Insurance Fund now the plaintiff, the Association Insurance Trust.
No factual question of such succession by the plaintiffs is raised and since under the broad extension of the term “ wages ” *999 it would appear these payments are included, the plaintiffs may properly seek to recover them. (See Greenberg v. Conwin. 31 Misc 2d 736.)
A more difficult question however is presented on the question of whether there has been compliance with the statute regarding the notice to be given £ £ within thirty days after the termination of such services
No factual question apparently is raised by either party since, as previously indicated, the dates of the critical happenings on that proposition are conceded.
Under the facts as presented this court is of the opinion that as a matter of law the plaintiffs cannot succeed.
The services of which the statute speaks are those of laborers, servants and employees and not services of any bargaining agent selected by them.
While the union apparently attempted to extend the time by a self-proclaimed declaration in its letter of May 31, 1961 that 1 ‘ we will consider the agreement and, therefore the services of the employees terminated as of the date such notice is received” the trustee limited his reply by indicating that the union 11 may assume that because of the bankruptcy, the collective bargaining agreement is terminated.” (Italics supplied.)
It should be noted the trustee said nothing about termination of the employees’ services since they had rendered no services since on or about April 1, 1961.
A further and even more compelling argument in substantiation of this court’s opinion is the fact that the collective bargaining agreement in question was just that and nothing more and its purpose was-merely ££ to insure the retention of union men, and not to provide any fixed period of continuous employment for individual employees.” (Hudak v. Hornell Inds., 304 N. Y. 207, 213.)
Under those circumstances any reliance on an extension of the bargaining agreement as the fixation of employee termination is a fallacious predicate and must fall. (See, also, Rotnofsky v. Capitol Distrs. Corp., 262 App. Div. 521.)
Sympathetic as this court may be with the purpose for which such payments are destined it, nevertheless, is bound by the observance of legal rules involved.
Therefore, for the reasons stated the motion of the plaintiffs is denied and since it appears the defendants are entitled to summary judgment the same is granted to them even though there has been no cross motion. (See Rules Civ. Prac. rule 113, subd. 2.)