■ AMERICAN RECREATION GROUP, INC., Respondent, v EUGENE WOZNICKI, Appellant. — In an action on a promissory note, defendant appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered June 24, 1981, as denied his motion to dismiss the complaint on the ground of lack of personal jurisdiction. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and defendant's motion to dismiss for lack of personal jurisdiction granted. In this case, defendant's sole contact with the State of New York is that he executed a promissory note which was payable in New York. The note was executed outside of the State and resulted from an employment contract in which it was agreed that defendant, a Texas domiciliary, would be president of an Illinois company and that plaintiff would loan defendant $20,000, at 6% interest per annum, to facilitate defendant's move from Texas to Illinois. The note was to be repaid when defendant sold his

house in Texas or was no longer employed by plaintiff. The note was written on plaintiff's letterhead, which included its New York address. Plaintiff asserts that such contacts suffice to permit New York to assert jurisdiction over defendant under CPLR 302 (subd [a], par 1). Special Term agreed with this contention, and simply ordered a hearing to determine whether process was properly served upon defendant in Texas. We disagree. The agreement herein to pay a promissory note in New York does not fall into the category of "contracts anywhere to supply goods or services in the state" (see CPLR 302, subd [a], par 1). To read the statute otherwise would result in enabling any New York company to assert jurisdiction over all those who may do business with any of its branch offices throughout the country by merely designating its New York office as the address to which payment should be made. This clearly would not comport with the traditional concept of the due process clause of the Constitution (see *International Shoe Co. v Washington,* 326 US 310). Further, the facts of this case do not support a finding that defendant transacted business within this State by signing a promissory note which was payable in New York (see *Hubbard, Westervelt & Mottelay v Harsh Bldg. Co.,* 28 AD2d 295). In light of our decision, it is unnecessary to determine the propriety of ordering a hearing to ascertain whether process was properly served upon defendant in Texas. Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.