## FIRST CITY NATIONAL BANK AND TRUST COMPANY, Plaintiff,

v.

## Ronald K. ZUCKERMAN, Defendant.

### No. 87 CV 2605 (RJD).

United States District Court, S.D. New York.

Sept. 14, 1987.

Barry Sutine, Jones, Day, Reavis, Pogue, New York City, for plaintiff.

Robert Shapiro, Barrack, Ferrazzano, Kirschbaum & Perlman, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

DARONCO, District Judge.

This diversity case is before the Court on defendant's motion to dismiss for want of personal jurisdiction under New York's long-arm statute. Because no evidentiary hearing has been held, the facts are related as recited in plaintiff's papers, which need only establish a *prima facie* case for personal jurisdiction. *CutCo Industries v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *Forgash v. Paley,* 659 F.Supp. 728, 729 (S.D.N.Y.1987).

The affidavit of Richard M. Greenberg, plaintiff's President, and attached exhibits disclose that defendant signed a promissory note for $75,000.00 to be invested in a wind turbine generator located in California. The proceeds were paid to International Dynergy, Inc., a California entity. On July 21, 1986, an employee of plaintiff confirmed the terms of the note, which was to be dated by plaintiff, and verified defendant's signature on the note, which had been notarized in Minnesota on June 26, 1986. When plaintiff, a Minnesota resident, defaulted on the first of 19 installments due September 1, 1986, this suit followed.

Section 302(a)(1) of the C.P.L.R. provides, "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state;"

Under this provision, the Court must inquire whether looking at the totality of the defendant's activities within the forum, purposeful acts have been performed in New York sufficient to subject the defendant to jurisdiction of the New York Courts. *Fiedler v. First City Nat. Bank of Boston,* 807 F.2d 315, 317 (2d Cir.1986) (citing *Sterling Nat. Bank v. Fidelity Mortgage Investors,* 510 F.2d 870, 873 [2d Cir.1975]).

Plaintiff asserts five acts by defendant constituting the transaction of business in

New York. According to plaintiff defendant borrowed money from a New York bank, agreed to provide financial information to that bank, agreed to repay the loan in New York, agreed that the note would be governed by New York law, and directed that the money be paid to a third-party, a California business which had directed plaintiff to deposit the money in its account with plaintiff. These circumstances fall outside the "close call" of *Sterling National Bank, supra.* Unlike Sterling, in this case, there was no visit to New York, the loan's proceeds were never deposited in defendant's account in New York, the money was deposited in an account with plaintiff at a third-party's direction, and defendant was not required to keep a compensating balance on account with plaintiff.

Plaintiff also relies on *Catalyst Energy Development Corp., Iron Mountain Mines,* 630 F.Supp. 1314 (S.D.N.Y.1986). Again, the distinctions between that case and this case require the opposite result here. The record is bereft of numerous telephone and written communications to New York. Apart from the transmission of the borrower's letter and the note itself, the only other communication originated from plaintiff, seeking to verify the transaction. Additionally, unlike *Iron Mountain Mines,* the lender did not deposit the money in the borrower's account at the borrower's direction.

In sum, plaintiff has not shown that defendant voluntarily elected to invoke the benefits and protections of the laws of New York. *Davidson Extrusions, Inc. v. Touche Ross & Co.,* 516 N.Y.S.2d 230, 232 (2d Dept.1987) (memorandum).

Relying on the "contracts anywhere" clause of § 302(a)(1), plaintiff cites *Chemco International Leasing, Inc. v. Meridian Engineering, Inc.,* 590 F.Supp. 539 (S.D.N.Y.1984) in which jurisdiction was sustained over the President and principal shareholder who had guaranteed payment of his corporation's lease obligation by indorsing the guarantee in St. Croix and mailing it to the lessor's assignee (Chemco) in New York. There the Court distinguished *American Recreation Group, Inc. v. Woz-*

*nicki,* 87 A.D.2d 600, 448 N.Y.S.2d 51 (2d Dept.1982) where the Court had observed,

"The agreement herein to pay a promissory note in New York does not fall into the category of 'contracts anywhere to supply goods or services in the state' (see CPLR 302, subd. [a], par. 1). To read the statute otherwise would result in enabling any New York company to assert jurisdiction over all those who may do business with any of its branch offices throughout the country by merely designating its New York office as the address to which payment should be made. This clearly would not comport with the traditional concept of the due process clause of the Constitution (see *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95)."

*Id.* at 52. Seizing upon this language, the Court in *Chemco* held,

"The *Woznicki* Court's reasoning does not avail in this instance because Chemco has only one office and it is in New York."

590 F.Supp. at 543. Likewise, plaintiff's one office is in New York, and as a result, plaintiff deems *Chemco* controlling in its favor.

Plaintiff's syllogism cannot stand under the analysis in *Chemco,* where the Court also addressed the due process aspect of the Fourteenth Amendment's limitation on jurisdiction over non-residents, a point not raised by the parties here. Nevertheless, New York Courts would address this federal issue, *e.g. Cooperstein v. Pan–Oceanic Marine, Inc.,* 124 A.D.2d 632, 507 N.Y.S.2d 893, 894–95 (2d Dept.1986) (memorandum); *Woznicki, supra,* because § 302(a)(1) was intended to extend New York's long-arm jurisdiction to its constitutional limits.

"In defining when it is that a potential defendant should 'reasonably anticipate' out-of-state litigation, the Court frequently has drawn from the reasoning of *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958):

'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the re-

184

quirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'

This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, *Keeton v. Hustler Magazine, Inc., supra,* 465 U.S. [770], at [774], 104 S.Ct. [1473], at [1478], [79 L.Ed.2d 790 (1984)]; *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. [286], at 299, 100 S.Ct. [559], at 568 [62 L.Ed.2d 490 (1980)], or of the 'unilateral activity of another party or a third person,' *Helicopteros Nacionales de Columbia, S.A. v. Hall, supra,* 466 U.S. [408], at [417], 104 S.Ct. [1868], at 1873 [80 L.Ed.2d 404 (1984)]. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State. *McGee v. International Life Insurance Co., supra,* 355 U.S. [220], at 223, 78 S.Ct. [199], at 201 [2 L.Ed.2d 223 (1957)]; see also *Kulko v. California Superior Court, supra,* 436 U.S. [84], at 94, n. 7, 98 S.Ct. [1690], at 1698, n. 7 [56 L.Ed.2d 132 (1978)]."

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985); *Accord Asahi Metal Industry Co., Ltd. v. Superior Court, etc.,* —— U.S. ——, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987). In *Rudzewicz,* the Court further ruled that a contract with an out-of-state party alone does not establish minimum contacts in the other party's home forum. 105 S.Ct. at 2185. Prior negotiations, contemplated future consequences, the terms of the contract, and the parties' actual course of dealing must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. *Id.* at 2186.

Uncontraverted additional facts from defendant's affidavit disclose that he dealt with International Dynergy's Minnesota agent, who furnished the loan documents. The first set of documents was apparently not approved, resulting in defendant's receipt of a second set from International Dynergy in California. Defendant returned the second set, the borrower's letter and note attached to Greenberg's affidavit, to the agent. Greenberg does not deny that this was the method by which the bank financed the wind turbine investment in California. Undeniably, therefore, International Dynergy and not defendant had selected plaintiff as the financier, and plaintiff knew who made the choice.

The totality of the events does not amount to a purposeful invocation of the benefits and protections of the laws of New York. Rather, defendant agreed to pay a promissory note in New York, an act which does not create jurisdiction pursuant to the long-arm statute. *See Woznicki, supra.*

Based on the foregoing, defendant's motion to dismiss the complaint for want of personal jurisdiction is granted, and the complaint is dismissed.

SO ORDERED.