■ FIRST NATIONAL BANK AND TRUST COMPANY, Respondent, v CHARLES J. WILSON, Appellant, et al., Defendant.— Order, Supreme Court, New York County (Carol Huff, J.), entered June 26, 1989, which denied defendant Charles J. Wilson's motion for summary judgment dismissing the complaint for lack of personal jurisdiction and for amending the complaint and adding new parties without leave of court, unanimously reversed, on the law, and the motion to dismiss is granted, with costs. The Clerk is directed to enter judgment

in favor of appellant severing and dismissing the complaint as to him, with costs.

In September of 1988, plaintiff commenced an action against Country Brook Village, Ltd., a Texas limited partnership, to recover under a limited guarantee collateral agreement. In January of 1989, plaintiff commenced the instant action, serving a new summons and complaint upon different defendants, including the joint venturers and defendant Wilson in his individual capacity. Defendant Wilson moved for summary judgment dismissing the complaint for lack of personal jurisdiction, or alternatively, for amending the complaint and adding new parties without leave of court. The Supreme Court denied both branches of defendant's motion.

We agree with defendant that the Supreme Court erred in denying his motion to dismiss for lack of personal jurisdiction. CPLR 302 (a) (1) provides for a court to "exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state".

The purpose of the long-arm statute is to extend the jurisdiction of New York courts to nonresidents who have "engaged in some purposeful activity [here] in connection with the matter in suit" *(Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 457, cert denied sub nom. Estwing Mfg. Co. v Singer, 382 US 905; Parke-Bernet Galleries v Franklyn, 26 NY2d 13, 16).* Proof of a single transaction albeit a "purposeful" transaction, in New York, satisfies the statutory requirement *(supra).*

The records reveals that Wilson was served with the summons and complaint in Texas, his residence, and executed the Limited Guaranties which form the basis of this lawsuit in that state as well. The underlying negotiable investor promissory notes, which were guaranteed by the Limited Guaranties, were executed in Texas, California and Missouri. Wilson has never maintained offices in New York, was never licensed to do business here nor did he have an agent in New York to receive service of process or to conduct business matters connected with this litigation. In addition, Wilson never owned real or personal property in New York, never employed a New York resident and never had a bank account, telephone listing or postal box here. More importantly, Wilson never came to New York to conduct any business with regard to the Limited Guarantees and never communicated by phone or in person with representatives of plaintiff in New York.

Plaintiff argues, and the Supreme Court agreed, that Wilson's visit to New York in 1988, to restructure certain loan agreements, even though they were unrelated to the guaranty at issue, signified a continuing relationship Wilson had with plaintiff after signing the guaranty in 1986, thereby satisfying the statutory requirement of a "purposeful transaction" in New York. This relationship, maintains plaintiff, includes using a New York corporation, National Capital Corp., as an agent to arrange for loans to invest in the partnership. Plaintiff also cites to the choice of law provision in the Limited Guaranty, selecting the application of New York law to resolve disputes, as further evidence of defendant's contact with the state.

Generally, an out-of-state note made payable in New York does not, in and of itself, confer personal jurisdiction over the non-domiciliary *(American Recreation Group v Woznicki,* 87 AD2d 600; *Hubbard, Westervelt & Mottelay v Harsh Bldg. Co.,* 28 AD2d 295; *and see, Ferrante Equip. Co. v Lasker-Goldman Corp.,* 26 NY2d 280). It has also been held that New York may not extend long-arm jurisdiction over a non-domiciliary who was never physically present in New York, and who never agreed to provide any goods or services here, other than a promise to a New York corporation that he would make good if a corporation of another state defaulted on its debt *(Waldorf Assocs. v Neville,* 141 Misc 2d 150, *affd* 155 AD2d 283; *and see, First City Natl. Bank & Trust Co. v Zuckerman,* 682 F Supp 182; *cf., Reiner & Co. v Schwartz,* 41 NY2d 648; *Hi Fashion Wigs v Hammond Adv.,* 32 NY2d 583; *Chemco Intl. Leasing v Meridian Eng'g,* 590 F Supp 539). Plaintiff has not shown that defendant voluntarily elected to invoke the benefits and protections of the laws of New York *(Longines-Wittnauer Watch Co. v Barnes & Reinecke, supra; Davidson Extrusions v Touche Ross & Co.,* 131 AD2d 421; *First City Natl. Bank & Trust Co. v Zuckerman, supra).*

Wilson's visit to New York to restructure loans unrelated to those upon which plaintiff has brought suit is an insufficient basis upon which to subject him to personal jurisdiction *(see, Glass v Harris,* 687 F Supp 906). The record further fails to substantiate plaintiff's claim that National was an agent of Wilson *(see, First City Sav. Bank v Keener,* 685 F Supp 58). National was engaged because of its working relationship with plaintiff. Wilson never exercised control over National's activities, never attended meetings with National nor did he have any communications with the company. He merely executed, in Texas, the application forms and other documents submit-

ted for his signature. Nor does the parties' selection of New York as the choice of law in their agreement constitute a voluntary submission to personal jurisdiction in New York *(McShan v Omega Louis Brandt Et Frere,* 536 F2d 516).

Since the statutory requirements of CPLR 302 (a) (1) have not been satisfied, it was error to deny defendant's motion to dismiss for lack of personal jurisdiction. In light of the foregoing, we do not reach defendant's alternate contentions that plaintiff impermissibly amended the complaint and added new parties without leave of court in violation of CPLR 3025 (a) and 1003. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Smith, JJ.