■ In the Matter of SHEARSON LEHMAN BROTHERS, INC., et al., Respondents, v QUENTIN T. KRAMER, Appellant. [613 NYS2d 886] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered December 13, 1993, which granted petitioners' motion to stay arbitration of certain claims before

the American Arbitration Association as time-barred, unanimously affirmed, with costs.

There is no dispute that by electing arbitration before the American Arbitration Association under the rules of the American Stock Exchange, respondent consented to the jurisdiction of New York courts to decide justiciable issues relating to that arbitration *(see, Dain Bosworth, Inc. v Fedora,* 1993 US Dist LEXIS 1139, * 3-4 [SD NY, Feb. 3, 1993, Martin, J.]). The court having exercised its jurisdiction to rule that any such arbitration must take place in New York City, its jurisdiction to decide other issues, such as whether the claims are time-barred, could not be divested through the simple expedient of withdrawing a demand that constituted a consent to jurisdiction and replacing it with another demand that did not constitute consent to jurisdiction. Once obtained, the court's jurisdiction was general, and thus it was proper for petitioners to seek a stay of arbitration of the time-barred claims in the same proceeding they brought to stay the arbitration that respondent wanted to take place in Dallas. We have considered respondent's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Williams and Tom, JJ.