OPINION OF THE COURT
Joseph R. Glownia, J.
This is a motion by petitioners for an order directing a non-jury trial on the issue of damages only relating to the underinsurance claim of the petitioners. Respondents oppose the motion upon the grounds that this court’s jurisdiction has been divested and there is an action pending in the State of North Carolina involving essentially the same issues presented here.
To determine the instant motion, the court must analyze the "confers jurisdiction” provision of CPLR 7501 and the "subsequent applications” provision of CPLR 7502 (a). A close reading of the applicable provisions of the insurance policy in question is also required.
BACKGROUND
On June 10, 1992, at 6:00 p.m., George Povinelli was mowing his front lawn at 131 Rolling Green Lane, in Elma, New York, when he was seriously injured by a passing motorcyclist insured by Nationwide Insurance. After Nationwide paid $50,000 in no-fault benefits and $50,000 in full liability limits of the tortfeasor to Mr. Povinelli, he presented a claim for underinsurance motorist coverage under his $1,000,000 underinsurance coverage policy with respondents.
After numerous unsuccessful attempts by petitioners to settle the underinsurance claim with respondents or have them voluntarily proceed to arbitration, petitioners commenced the instant proceeding by motion dated September 15, 1995 to compel arbitration. In response, respondents elected not to oppose the motion, but rather consented to an order entered October 16, 1995 to compel arbitration.
The pertinent portion of the policy reads as follows:
*828 "arbitration
"A. If we and an 'insured’ do not agree:
"1. Whether that person is legally entitled to recover damages under this endorsement; or
"2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.
"B. Each party will:
"1. Pay the expenses it incurs; and
"2. Bear the expenses of the third arbitrator equally.
"C. Unless both parties agree otherwise, arbitration will take place in the county in which the 'insured’ lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
"1. Whether the 'insured’ is legally entitled to recover damages; and
"2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which 'your covered auto’ is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators’ decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.”
Pursuant to the terms of the aforesaid policy, arbitration was had and a unanimous award was entered on January 16, 1996. The award found damage to petitioners in the gross amount of $750,000 reduced by 10% culpable conduct and the sum of $50,000 previously paid, leaving a net sum due them in the amount of $625,000 as the final award.
That award obviously exceeds the minimum limits for bodily injury liability specified by New York State thereby triggering the right of either party to demand a trial pursuant to the terms of the policy. On January 24,1996, respondents exercised that right and transmitted a written notice of demand for trial to petitioners.
On March 14, 1996, in the State of North Carolina where petitioners had relocated, respondents commenced an action against petitioners by filing and serving a summons and complaint in that State. In the wherefore clause of that complaint, *829 respondents for the first time sought a jury trial as compared to a trial and vacatur of the arbitration award even though arbitration had been ordered by the Supreme Court of New York State.
On March 28, 1996, petitioners moved this court to confirm the arbitration award. By affidavit dated April 24, 1996, respondents opposed the motion upon the dual grounds that a timely demand for a trial pursuant to the terms of the policy had been served, and the aforesaid action against petitioners had been commenced in North Carolina. On May 2, 1996, respondents cross-moved for vacatur of the award citing the timely demand and commencement of the North Carolina action. Petitioners’ reply opposed the vacatur cross motion but did not request as alternative relief an order directing a trial on damages in New York. On May 17, 1996, upon the motions which were presented, this court denied confirmation of the arbitrators’ award and granted respondents’ cross motion to vacate upon the ground that under the policy terms the amount awarded had exceeded the minimum limit for bodily injury liability specified by New York State (thereby triggering the right of either party to demand a trial) and the respondents had served a notice demanding a trial.
In support of the instant motion, petitioners contend that respondents have stipulated to jurisdiction of the New York State Supreme Court by consenting to the entry of an order granting arbitration. Petitioners argue that because the respondents had consented to the jurisdiction of this court, pursuant to the original arbitration order, they have also consented to the jurisdiction of this court to enter judgment, to grant or deny confirmation of the award, to grant or deny vacatur of the award, and to conduct a trial on damages, as now requested. It naturally flows that without the original arbitration order, the court would have no jurisdiction to confirm or vacate the award let alone conduct a trial pursuant to the terms of the policy.
Respondents argue that as a result of any one of the following four different events, to wit: the original order granting arbitration; the order vacating the award; the demand for trial de novo; and the commencement of the North Carolina action — the jurisdiction of this court was divested.
ANALYSIS
In support of petitioners’ position, they rely first upon the general jurisdiction provision of CPLR 7501: "A written agree *830 ment to submit any controversy thereafter arising or any existing controversy to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award. ” (Emphasis supplied.)
CPLR 7502 (a) states: "A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action.”
In this case that section is applicable to the original motion to compel an order granting arbitration.
The last sentence of CPLR 7502 (a) further states: "All subsequent applications shall be made by motion in the pending action or the special proceeding. ” (Emphasis supplied.)
In Matter of Shearson Lehman Bros. v Kramer (205 AD2d 457, 458), the Appellate Division, First Department, made the following observation: "The [lower] court having exercised its jurisdiction to rule that any such arbitration must take place in New York City, its jurisdiction to decide other issues * * * could not be divested through the simple expedient of withdrawing a demand that constituted a consent to jurisdiction and replacing it with another demand that did not constitute consent to jurisdiction. Once obtained, the court’s jurisdiction was general”.
Petitioners’ position is persuasive under the statues, CPLR 7501 and 7502 (a), previously referred to, and authority of Shearson (supra).
Respondents consented to the jurisdiction of this court when they consented to the entry of an order compelling arbitration upon motion of petitioners. Respondents’ consent to jurisdiction did not terminate upon entry of an order compelling arbitration. The commonsense meaning of the last sentence of CPLR 7502 (a) is to assure that "all matters relating to an arbitration are adjudicated before the same court”. (Matter of Solkav Solartechnik, GES. M.B.H. [Besicorp Group], 227 AD2d 94, 97.)
This would include the jurisdiction of this court to enter judgment, to entertain motions to confirm, deny, and vacate the arbitrators’ award and as pertains to the terms of the policy in question, conduct a trial. Respondents requested denial of confirmation and vacatur. That request as pertains to the arbitration proceeding was based upon the fact that a timely demand for trial was served. That demand was served while *831 the special proceeding was pending with this court. In this case the arbitrators’ award determined that the petitioners were entitled to damages (with a percentage of culpability) and set the amount of damages. The qualifying language regarding trial demand under the policy applies only to the provision relating to the amount of damages. Therefore, irrespective of the language contained in this court’s order denying confirmation, the arbitration award should have been in part confirmed regarding entitlement to damages and vacated solely with respect to the amount of damages upon which a trial would be held before this court.
Pursuant to the terms of the parties’ policy, since the jurisdiction of the court was obtained by the petitioners with the consent of respondents in New York State, respondents must now abide by that consent and cannot divest this court of jurisdiction by any subsequent actions here or in the State of North Carolina.
Respondents have demanded a jury trial pursuant to the terms of the policy which fails to specify a trial by jury. To grant the relief which they presently demand, the court would necessarily have to add to the policy terms which do not exist. This the court cannot do because a court may not write into a contract conditions the parties did not insert, and it is not for the court to enlarge the meaning of the words in the contract so as to correct a party’s oversight. (See, 22 NY Jur 2d, Contracts, § 26, at 56.)
Therefore, petitioners’ motion for a nonjury trial on the issue of damages only must be and is hereby granted.