■ Eugene Shalik, Respondent, v Ellis Coleman, Appellant, et al., Defendant. [975 NYS2d 741]—

In an action to recover on a promissory note, the defendant Ellis Coleman appeals from (1) an order of the Supreme Court, Nassau County (Diamond, J.), entered February 21, 2012, which granted the plaintiff's motion for leave to enter a default judg-

ment against him and denied his cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and (2) a judgment of the same court entered April 18, 2012, which, upon the order, is in favor of the plaintiff and against him in the total sum of $481,554.05.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for leave to enter a default judgment against the defendant Ellis Coleman is denied, the cross motion of the defendant Ellis Coleman pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is granted, and the order is modified accordingly; and it is further;

Ordered that one bill of costs is awarded to the defendant Ellis Coleman.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff lives in New York, while the defendant Ellis Coleman (hereinafter the appellant) resides in South Carolina. On August 7, 2003, the appellant allegedly executed a $375,000 promissory note in favor of the plaintiff and the nominal defendant, Edward Kalikow. The appellant was allegedly obligated to pay back the total amount due, plus interest, on or before August 6, 2008. The appellant allegedly paid off only part of the promissory note. The plaintiff commenced this action against the appellant to recover the balance and interest due on the promissory note, plus an attorney's fee. When the appellant failed to serve an answer or otherwise appear, the plaintiff moved for leave to enter a default judgment against him. The appellant opposed the motion and cross-moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court granted the motion and denied the cross motion.

Under CPLR 302 (a) (1), New York courts have personal jurisdiction over a nondomiciliary when that person transacts any business within New York State, regardless of whether that nondomiciliary has actually set foot in the State (*see Executive Life Ltd. v Silverman*, 68 AD3d 715, 716 [2009]). Whether a defendant has transacted business within New York is determined

under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has "purposefully avail[ed] himself or her]self of the privilege of conducting activities within [New York]" (*Ehrenfeld v Bin Mahfouz*, 9 NY3d 501, 508 [2007] [internal quotation marks omitted]).

Here, the appellant is not domiciled in New York, transacts no business here, and maintains no other contacts with New York that would support the exercise of long-arm jurisdiction (*see* CPLR 302 [a] [1]). The only connections that the appellant has with New York are that the promissory note provides that it should be governed and construed in accordance with the laws of New York, that there were communications made between the appellant and the plaintiff via telephone and email, and that the appellant mailed payments due on the note to the plaintiff's office in New York. These contacts are insufficient to support jurisdiction under CPLR 302 (a) (1) (*see Rothschild, Unterberg, Towbin v McTamney*, 59 NY2d 651 [1983]; *Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d 977 [2011]; *Magwitch, L.L.C. v Pusser's Inc.*, 84 AD3d 529 [2011]; *Executive Life Ltd. v Silverman*, 68 AD3d at 716; *First Natl. Bank & Trust Co. v Wilson*, 171 AD2d 616 [1991]; *American Recreation Group v Woznicki*, 87 AD2d 600 [1982]; *John Burgee Architects v Lewis*, 1998 WL 35111, 1998 US Dist LEXIS 820 [SD NY, Jan. 29, 1998, No. 96 Civ 0734 (RPP)]).

Moreover, the arbitration clause contained in a related agreement does not confer long-arm jurisdiction over the appellant. Although an agreement to arbitrate disputes in New York constitutes consent to personal jurisdiction in New York (*see Merrill Lynch, Pierce, Fenner & Smith Inc. v Lecopulos*, 553 F2d 842, 844 [2d Cir 1977]; *Zurich Ins. Co. v R. Elec.*, 5 AD3d 338 [2004]), such consent is limited to enforcement of the arbitration award or other arbitration-related proceedings (*see Sterling Natl. Bank & Trust Co. of N.Y. v Southern Scrap Export Co.*, 468 F Supp 1100 [SD NY 1979]). Thus, even if the arbitration clause in the related agreement applies to the promissory note, as the plaintiff contends, there is no basis for concluding that the arbitration clause gives the Supreme Court jurisdiction over the appellant for the purpose of adjudicating the plaintiff's cause of action at law for breach of the promissory note.

The plaintiff's remaining contention is without merit.

Accordingly, the plaintiff's motion for leave to enter a default judgment against the appellant should have been denied, while the appellant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction should have been granted. Eng, P.J., Dickerson, Chambers and Hall, JJ., concur.