ABKCO Music, Inc. v McMahon (2019 NY Slip Op 06721)





ABKCO Music, Inc. v McMahon


2019 NY Slip Op 06721


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9884 656243/16

[*1]ABKCO Music, Inc., Plaintiff-Respondent,
v
Carl G. McMahon, as Trustee of the Andrea Marless Cooke Family Trust, Defendant-Appellant, Andrea M. Cooke, Defendant.


Rivkin Radler LLP, Uniondale (Avigael Fyman of counsel), for appellant.
Michael B. Kramer & Associates, New York (Michael B. Kramer of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered December 6, 2017, which denied defendant trustee's motion for summary judgment dismissing the complaint as against him for lack of personal jurisdiction, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The trustee's requests from Ohio, by letter, telephone, and/or email, to plaintiff in New York to send him monies due under the royalty agreement that plaintiff had entered into in 1986 with nonparty Denise Somerville, a/k/a Denise Somerville Cooke (Somerville) — which would merely continue plaintiff's previous practice of sending royalties to Somerville in Ohio — do not constitute the transaction of business under CPLR 302(a)(1) (see e.g. Ehrenfeld v Bin Mahfouz, 9 NY3d 501, 511 [2007] ["The mere receipt by a nonresident of a benefit or profit from a contract performed by others in New York is clearly not an act by the recipient in this State sufficient to confer jurisdiction under our long-arm statute"] [internal quotation marks omitted]; Courtroom Tel. Network v Focus Media, 264 AD2d 351, 353 [1st Dept 1999] ["a passive buyer of a New York . . . service" would not be subject to this State's jurisdiction]; Liberatore v Calvino, 293 AD2d 217, 220 [1st Dept 2002] ["Telephone calls and written communications, which generally are held not to provide a sufficient basis for personal jurisdiction under the long-arm statute, must be shown to have been used by the defendant to actively participate in business transactions in New York"] [internal quotation marks omitted]).
Plaintiff cites no authority for imputing Somerville's act of negotiating the contract in 1986 to the trustee, who did not become the trustee until 2009. Even if Somerville's conduct were attributed to the trustee, negotiating a contract from outside New York "is insufficient to constitute the transaction of
business in New York" (Kennedy v Yousaf, 127 AD3d 519, 520 [1st Dept 2015]; see also SunLight Gen. Capital LLC v CJS Invs. Inc., 114 AD3d 521, 522 [1st Dept 2014]; Libra Global Tech. Servs. [UK] v Telemedia Intl., 279 AD2d 326, 327 [1st Dept 2001]).
The fact that the contract chooses New York law does not "constitute a voluntary submission to personal jurisdiction in New York" (First Natl. Bank & Trust Co. v Wilson, 171 AD2d 616, 619 [1st Dept 1991]; see also Aero-Bocker Knitting Mills v Allied Fabrics Corp., 54 AD2d 647, 648 [1st Dept 1976]). As the motion court recognized when granting former defendant Andrea M. Cooke's motion to dismiss the claims against her pursuant to CPLR 3211(a)(8), plaintiff could have added a New York forum selection clause when it prepared the royalty agreement (see also Merrill Lynch, Pierce, Fenner & Smith v McLeod, 208 AD2d 81, 84 [1st Dept 1995]).
The trustee made a prima facie case that New York lacked jurisdiction over him, and [*2]plaintiff failed to meet its burden to present sufficient facts to demonstrate jurisdiction (see Cotia [USA] Ltd. v Lynn Steel Corp., 134 AD3d 483, 484 [1st Dept 2015]; see also Copp v Ramirez, 62 AD3d 23, 28 [1st Dept 2009], lv denied 12 NY3d 711 [2009]).
In light of the foregoing, we need not reach the issues of whether this action arises out of defendant's alleged New York contacts (Ehrenfeld, 9 NY3d at 513 n 10) and whether it would violate due process for New York to exercise jurisdiction over the trustee (see e.g. Williams v Beemiller, Inc., __ NY3d __, 2019 NY Slip Op 03656, *2 [May 9, 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK