Matter of R.C. Metell Constr., Inc. v Sandler (2020 NY Slip Op 07892)





Matter of R.C. Metell Constr., Inc. v Sandler


2020 NY Slip Op 07892


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-02554 
2019-02562
 (Index No. 69841/18)

[*1]In the Matter of R.C. Metell Construction, Inc., et al., appellants, 
v
Randal Sandler, et al., respondents.


Schwartzman Garelik Walker & Troy, P.C. New York, NY (Donald A. Pitofsky of counsel), for appellants.
Cermele & Wood, LLP, White Plains, NY (Mark Cermele and Benjamin M. Rattner of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioners appeal from (1) a judgment of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated February 20, 2019, and (2) an order of the same court also dated February 20, 2019. The judgment, in effect, denied the petition and dismissed the proceeding. The order, insofar as appealed from, vacated a temporary stay of arbitration.
ORDERED that the judgment is modified, on the law, by deleting the provisions thereof, in effect, denying that branch of the petition which was to permanently stay arbitration against the petitioner Ronald C. Metell and dismissing that portion of the proceeding, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,
ORDERED that the appeal from the order is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.
Randal Sandler and Liz Sandler (hereinafter together the homeowners) entered into a contract with R.C. Metell Construction, Inc. (hereinafter Metell Construction), to remodel their home located in Greenwich, Connecticut. Ronald C. Metell executed the contract as president of Metell Construction. Article 12 of the contract contained a broadly worded arbitration clause providing that "[a]ll claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents . . . shall be decided by arbitration."
After the project was substantially completed and the homeowners resumed occupancy of their home, they allegedly noticed significant construction defects, which Metell Construction refused, upon demand, to remedy. The homeowners thereafter served Metell and Metell Construction (hereinafter together the petitioners) with a demand for arbitration, selecting White Plains, New York, as the location for the proceeding. The petitioners then commenced, in the Supreme Court, Westchester County, the instant proceeding pursuant to CPLR article 75 to [*2]permanently stay arbitration. In a judgment dated February 20, 2019, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioners appeal.
Initially, the contention of the homeowners, who are residents of Connecticut, that the proceeding should have been dismissed because the Supreme Court lacked personal jurisdiction over them for purposes of this CPLR article 75 proceeding is without merit. While the parties' contract did not specify a particular location in which any arbitration proceedings conducted pursuant thereto were to take place, the homeowners themselves, upon initiating arbitration against the petitioners, chose New York as that locale. Having elected to proceed with arbitration in New York, the homeowners consented to personal jurisdiction in New York for arbitration-related proceedings (see CPLR 301; Gilbert v Burnstine, 255 NY 348, 353-354; Shalik v Coleman, 111 AD3d 816, 818; Matter of Shearson Lehman Bros. v Kramer, 205 AD2d 457, 457; Intermeat, Inc. v American Poultry Inc., 575 F2d 1017, 1023 [2d Cir]). Furthermore, the homeowners' conduct of requesting that the location of the arbitration be changed from New York to Connecticut, after the petitioners commenced the instant proceeding in New York to permanently stay the arbitration, did not operate to divest the New York courts of jurisdiction (see Matter of Shearson Lehman Bros. v Kramer, 205 AD2d 457).
We agree with the Supreme Court's determination to deny that branch of the petition which was to permanently stay arbitration against Metell Construction. The parties' agreement does not expressly provide that compliance with certain procedures and limitations set forth therein concerning correction of work are conditions precedent to arbitration (see Matter of United Nations Dev. Corp v Norkin Plumbing Co., 45 NY2d 358, 364). Accordingly, the question of whether the homeowners complied with those provisions of the contract does not present a ground upon which to stay arbitration (see id. at 364; Matter of American Med. & Life Ins. v International Healthcare Mgt., 279 AD2d 523).
However, the Supreme Court should not have denied that branch of the petition which was to permanently stay arbitration against Metell individually. A party will not be compelled to arbitrate absent evidence affirmatively establishing his or her "'clear, explicit and unequivocal'" agreement to arbitrate (God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374, quoting Matter of Waldron [Goddess], 61 NY2d 181, 183). Here, Metell was not a party to the construction contract which required arbitration, having signed the same in his representative, not individual, capacity (see Johnston v Silverman, 167 AD2d 284, 285), and there is no evidence that Metell was an "alter ego" of Metell Construction (see TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339). Accordingly, the court should have granted that branch of the petition which was to permanently stay arbitration against Metell, and we modify judgment accordingly.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court